IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

WALLACE BASKERVILLE,

               Petitioner,                            ORDER

    v.                                                       09-cv-0426-bbc

JUDY SMITH, Warden,
Oshkosh Correctional Institution,

               Respondent.

---

Petitioner Wallace Baskerville has asked the court to reconsider the portion of its order entered September 16, 2009, dismissing claims 3(a), (d), (f), (g) (ineffective assistance of counsel), 4(a) (<u>Brady</u> violations) and 5 (denial of postconviction discovery) of petitioner's state habeas petition. Having carefully considered petitioner's motion, I am satisfied that dismissal of these claims was correct. As with his initial petition, petitioner fails to adduce facts (rather than conclusory assertions) to show how the alleged errors by his lawyer and the prosecutor prejudiced him. With respect to his claim that the state circuit court improperly denied his motion for postconviction discovery, petitioner has not shown that Wisconsin's post-conviction discovery procedure is *itself* unfair or inadequate. In other words, it is the fairness of the procedures themselves, not their application in any given case, with which the

1

Constitution is concerned. Petitioner has not shown that the state's procedure is inherently unfair or inadequate.

One comment is warranted regarding claim 3(f). I construed that claim in the September 16, 2009 order as an allegation that petitioner's trial lawyer was ineffective for failing to review 911 tapes relating to an unrelated false rape charge filed by one of the victims against a different individual. From the motion to reconsider, it appears that petitioner is also complaining that his lawyer failed to listen to a separate 911 tape in which petitioner was the caller and which was introduced by the prosecution in the trial on the mayhem and aggravated battery charges that are the subject of this habeas action. Understanding that distinction, however, does not lead to reinstatement of the claim. Petitioner asserts that had his lawyer listened to the tape, he "would have known what his client had said, and what police, and D.A. said he said was totally different." Mot. to Reconsider, dkt. #5, at 4. I infer that petitioner is contending that the prosecutor misrepresented what petitioner said on the tape. However, petitioner does not allege the nature of this misrepresentation, provide any evidence to prove what he actually said on the tape or explain why any misrepresentation (and his lawyer's failure to expose it) affected the outcome of the trial. As in his initial petition, petitioner has failed to make any colorable showing that his lawyer's alleged errors with respect to the 911 recordings affected the outcome of his trial.

2

ORDER

IT IS ORDERED that the motion of petitioner Wallace Baskerville for reconsideration of the portion of the court's order entered September 16, 2009, dismissing claims 3(a), (d), (f), (g), 4(a) and 5, is DENIED.

Entered this 5th day of October, 2009.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge