IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

WALLACE BASKERVILLE,

                Petitioner,                      ORDER

    v.

                                                09-cv-0426-bbc

JUDY SMITH, Warden,
Oshkosh Correctional Institution,

                Respondent.

---

        Petitioner Wallace Baskerville has asked the court to order respondent to produce certain documents from the state court record (dkt. 15). Specifically, petitioner wants copies of 1) the appendices from his appellant's brief in appeal 2000AP3405-CR and from his petition for review in appeal 2007AP74-CR and 2) his presentence report. Petitioner's motion will be denied. Respondent has filed a motion to dismiss the petition, asserting that this court cannot entertain petitioner's claims because petitioner did not file a petition for review from the Wisconsin Court of Appeals' decision in 2000AP-3405-CR and because the state cured the double jeopardy problem by dismissing petitioner's conviction for aggravated battery.

        The documents petitioner seeks in his motion would not help him respond to the state's motion. Petitioner needs to come forth with facts showing either that he did file a petition for review of the state appellate court's January 22, 2004 order or that he should be excused from his failure to do so. To make this latter showing, petitioner must demonstrate 1) cause for the default and actual prejudice from failing to raise the claim as required, or 2) that enforcing the default would lead to a "fundamental miscarriage of justice." *Steward v. Gilmore*, 80 F .3d 1205, 1211-12 (7th Cir. 1996) (quoting *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)). To meet the

"cause" requirement, there must have been some external impediment that prevented petitioner from raising the claim. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). A fundamental miscarriage of justice is established by demonstrating that it is more likely than not that no reasonable juror would have convicted petitioner in light of any new evidence. *Schlup v. Delo*, 513 U.S. 298, 327 (1990).

Nothing in petitioner's motion suggests that the appendices to his briefs or presentence report contain information that will assist him in responding to the state's dismissal motion. Furthermore, the presentence report is not included in the public state court record and therefore is not a document that the state must produce. Petitioner must seek the state courts' permission for a copy of that document.

ORDER

IT IS ORDERED that the motion of Wallace Baskerville for an order directing respondent to produce certain state court documents is DENIED.

Entered this 7th day of December, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge