IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WALLACE BASKERVILLE,

                          Petitioner,                    OPINION AND ORDER

          v.                                             09-cv-426-bbc

JUDY SMITH, Warden,
Oshkosh Correctional Institution,

                          Respondent.

---

Petitioner Wallace Baskerville is in custody pursuant to a 1998 conviction in the Circuit Court for Portage County for mayhem and bail jumping.  He has applied for a writ of habeas corpus under 28 U.S.C. § 2254, alleging that he is in custody in violation of various rights under the United States Constitution.  Before the court is respondent's motion to dismiss the petition in its entirety on two grounds:  1) habeas relief is not available to petitioner on his aggravated battery conviction because he is not in custody on that charge; and 2) petitioner's claims are barred by the procedural default doctrine because he failed to present them to the Wisconsin Supreme Court.  I agree with respondent on both counts.  Accordingly, the petition will be dismissed.

          The following facts are drawn from state court records and other documents submitted by the parties.

FACTS

On June 5, 1998, a Portage County jury found petitioner guilty of one count of mayhem, one count of aggravated battery and one count of bail jumping.  The charges arose from an incident in which petitioner was alleged to have twice slashed the face of Robert Adams.

The Wisconsin Court of Appeals provided this summary of the facts:

> The evidence at trial included testimony by Adams that he and Linda Napgezek were at Baskerville's apartment, and indicating that Baskerville gave Adams and Napgezek some pills, which they took and then lost consciousness. Adams testified he awoke to a punch to his face, and then felt a burning sensation on his face, where one of the cuts was later located.  Adams stated that he then left the apartment.  Adams testified he believed it was Baskerville who cut him, because Napgezek was the only other person at the apartment and Adams believed she was unconscious.  A crime lab specialist testified that a  swab of a stain on Baskerville's hand contained blood that DNA analysis showed matched Adams's type, and testified that only one in a million people would match Adams's DNA blood type.  A knife recovered from Baskerville's apartment contained traces of human blood.

Decision of Court of Appeals, Jan. 22, 2004, App. No. 00-3405-CR, at ¶¶4-5, dkt. #12, exh. 7.  At trial, petitioner's theory of defense was that Napgezek slashed Adams, her boyfriend at the time.  Id. at ¶ 5.

After trial, the court sentenced petitioner to 30 years on the mayhem count, 10 years on the aggravated battery count and five years on the bail jumping count, with the sentences to run concurrently.

Petitioner filed an appeal, and a new lawyer was appointed to represent him.  On November 19, 1999, the Wisconsin Court of Appeals granted a motion by petitioner to

2

discharge his lawyer and proceed *pro se*.  Response, dkt. #12, exh. 3.  Later, however, in response to a motion by the state, the appellate court remanded the case to the circuit court to hold a hearing to determine what information, if any, the state public defender's office had provided to petitioner before he made his election to proceed without counsel.  Id., exh. 5.  Although the trial court found that petitioner's waiver was not voluntary, the court of appeals disagreed, finding that petitioner had made a deliberate choice to proceed *pro se* after being informed of the disadvantages of doing so.  Id., exh. 6.  Accordingly, it allowed the appeal to proceed.

On appeal, petitioner argued that the evidence was insufficient to support the verdict, the trial court erred by denying his motions for post conviction discovery, he was denied his right to post conviction counsel, his trial lawyer was ineffective in various ways and his convictions for aggravated battery and mayhem were multiplicitous.  On January 22, 2004, the court of appeals rejected all of petitioner's claims except the multiplicity argument.  Decision, Jan. 22, 2004, dkt. #12, exh. 7.  On that issue, the court agreed with petitioner that aggravated battery was a lesser-included offense of mayhem unless there were two distinct volitional acts that could support separate convictions under each statute.  Id. at ¶¶ 10-21.  Because the evidence on this point was unclear, the court remanded the case to the trial court.  It affirmed the judgment in all other respects.

Petitioner received a copy of the court of appeals' order on January 24, 2004.  Letter from Pet. to Judge Fleischauer, Feb. 15, 2004, dkt. #19, exh. 7.  However, he did not

petition the Wisconsin Supreme Court for review of the unfavorable portion of the appellate court's judgment.

On March 2, 2004, the state public defender's office appointed Brian Findley, assistant state public defender, to represent Baskerville on remand.  Mot. to Withdraw, dkt. #12, exh. 9, ¶ 2.  The state offered to stipulate to a court order vacating petitioner's aggravated battery conviction, but petitioner refused to authorize Findley to enter into that stipulation.  Id. at ¶¶3-4.  Findley moved to withdraw, stating that dismissal of the aggravated battery conviction was the only remedy available to petitioner on the multiplicity issue and that there was nothing else Findley could do on petitioner's behalf.  Id. at ¶5.  The court granted Findley's motion.  Order, Apr. 12, 2006, dkt. #12, exh. 10.

On December 1, 2006, the court granted the state's motion to vacate the aggravated battery conviction.  Petitioner again appealed *pro se*.  The state court of appeals dismissed the appeal on the ground that the second amended judgment vacating the battery conviction was not adverse to petitioner.  Order, Feb. 29, 2008, dkt. #12, exh. 13.  On March 31, 2008, petitioner filed a petition, asking the Wisconsin Supreme Court to exercise discretionary review of the court of appeals' February 29, 2008 decision after remand.  The state supreme court denied that petition on July 28, 2008.  Docket sheet for Appeal Number 2007AP0074, available at Wisconsin Supreme Court and Court of Appeals Case Access, http://wscca.wicourts.gov.

Petitioner filed the instant habeas petition on July 7, 2009.  In an order entered September 15, 2009, I directed the state to respond to the following claims:  1) the evidence adduced at trial was insufficient to support the conviction; 2) petitioner's convictions for battery and mayhem were multiplicitous; 3) petitioner was denied the right to counsel on direct appeal; 4) petitioner's trial lawyer was ineffective in various ways; and 5) the prosecutor committed misconduct by making improper comments during opening statements and while questioning petitioner.

OPINION

A.  <u>Double Jeopardy Claim</u>

Under the federal habeas statutes, federal district courts are authorized to entertain petitions for habeas relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a).  In this case, petitioner is not "in custody" on the allegedly multiplicitous aggravated battery charge because the circuit court vacated that conviction and the corresponding concurrent sentence.

Petitioner argues that, instead of vacating only the aggravated battery conviction, the circuit court should have vacated all of his convictions and held a new trial.  Petitioner is mistaken.  The United States Supreme Court has held that when a defendant is convicted of multiplicitous charges, the proper remedy is for the court to vacate one of the underlying

convictions as well as any sentence based upon it.  Rutledge v. United States, 517 U.S. 292, 301-02 (1996).  In that way, the court prevents the petitioner from receiving multiple punishments for what is essentially one offense.  The remedy authorized in Rutledge is precisely what was afforded petitioner in this case.

Because petitioner's conviction and sentence for aggravated battery were vacated, there is no merit to his contention that he received multiple punishments for the same offense.  His double jeopardy claim must be dismissed.

B.  Procedural Default

According to 28 U.S.C. § 2254(b)(1)(A), a habeas petition shall not be granted unless the petitioner "has exhausted the remedies available in the courts of the State."  The principles of comity underlying the exhaustion doctrine require the petitioner to give the state courts a "full and fair opportunity to resolve constitutional claims" before raising those claims in a federal habeas petition.  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).  To comply with this requirement, the petitioner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  Id.; Lewis v. Sternes, 390 F.3d 1019, 1025-26 (7th Cir. 2004).  For a Wisconsin prisoner, this means that he must assert each of his claims in a petition for review to the Wisconsin Supreme Court.  Moore v. Casperson, 345 F.3d 474, 485-86 (7th Cir. 2003) (Wisconsin Supreme Court's discretion to grant judicial review is

6

similar to that of Illinois Supreme Court, and <u>Boerckel</u> requires presentation of all issues to that court).  Under Wis. Stat. § 809.62(1m), a party may file with the supreme court a petition for review of an "adverse" decision of the court of appeals within 30 days of the court of appeals' decision.  A decision is "adverse" when the court of appeals reaches a result that is "contrary, in whole or in part, to the result sought in that court by any party seeking review."  Wis. Stat. § 809.62(1g)(a).  A claim included in a federal habeas petition that was not submitted to the Wisconsin Supreme Court is procedurally defaulted.  <u>Id</u>. at 484.

Respondent contends that petitioner procedurally defaulted all but his double jeopardy claim by failing to ask the Wisconsin Supreme Court to review the January 22, 2004 decision of the Wisconsin Court of Appeals.  In reply, petitioner asserts that he did present his claims to the Wisconsin Supreme Court.  I presume that petitioner is referring to the petition for review that he filed on March 31, 2008, after the court of appeals dismissed his appeal of the circuit court's post-remand order vacating the aggravated battery conviction.  However, it was too late to argue in that petition the claims that the court of appeals had rejected in its January 22, 2004 decision.  To comply with the exhaustion requirement, petitioner had to file a timely petition for review of the unfavorable portions of the January 22, 2004 decision.  His failure to do so means that he has procedurally defaulted his claims.

A federal court cannot reach the merits of a procedurally defaulted claim unless the petitioner demonstrates (1) cause for the default and actual prejudice from failing to raise

the claim as required; or (2) that enforcing the default would lead to a "fundamental miscarriage of justice." Steward v. Gilmore, 80 F .3d 1205, 1211-12 (7th Cir. 1996) (quoting Wainwright v. Sykes, 433 U.S. 72, 87 (1977)).  To meet the "cause" requirement, there must have been some external impediment that prevented petitioner from raising the claim.  Murray v. Carrier, 477 U.S. 478, 488 (1986).  A fundamental miscarriage of justice is established by demonstrating that it is more likely than not that no reasonable juror would have convicted petitioner in light of any new evidence.  Schlup v. Delo, 513 U.S. 298, 327 (1990).

Petitioner asserts several reasons why this court should excuse his failure to petition the Wisconsin Supreme Court.  (The state asserts that petitioner's procedural default arguments address only the double jeopardy claim.  Dec. 23, 2009 Letter from AAG Weinstein, dkt. #20.  I read them as applying to all of his claims.)  First, he says he did not receive a copy of the court of appeals' January 2004 order until late February 2004 (presumably after it was too late for him to file a petition for review) because he was quarantined for tuberculosis and did not receive his mail promptly.  Petitioner's assertion about when he received the decision, however, is contradicted by a letter he wrote to the circuit court judge, wherein he stated that he received a copy of the court of appeals' order on January 24, 2004.

Second, petitioner asserts that Findley is to blame for the failure to file the petition. Attorney error that constitutes ineffective assistance of counsel is cause to set aside a

procedural default.  <u>Franklin v. Gilmore</u>, 188 F.3d 877, 883 (7th Cir. 1999).  In this case, however, petitioner represented himself in the court of appeals and therefore it was his responsibility to file a petition for review.  Findley was appointed to represent petitioner in the circuit court solely on the multiplicity issue upon remand.  He was not even appointed until after petitioner's deadline for filing a petition for review had expired.  Absent evidence that Findley's appointment covered the filing of a petition for review of the adverse portion of the appellate court's January 2004 order, Findley cannot be blamed for petitioner's default.

Third, petitioner asserts that his default should be excused because he acted in "good faith" to comply with the appellate process and take all the necessary steps to preserve his claims.  To constitute cause, however, the default must have been caused by something external to petitioner.  Petitioner's lack of legal knowledge about the steps he needed to take to preserve the claims rejected by the court of appeals is not an "external impediment" that excuses his default.  <u>Harris v. McAdory</u>, 334 F.3d 665, 668 (7th Cir. 2003) (petitioner's *pro se* status does not constitute adequate grounds for cause); <u>Dellinger v. Bowen</u>, 301 F.3d 758, 763 (7th Cir. 2002) (petitioner's youth and lack of education did not constitute cause); <u>Henderson v. Cohn</u>, 919 F.2d 1270, 1272-73 (7th Cir. 1990) (petitioner's illiteracy and limited education insufficient to establish cause).

Fourth, petitioner asserts that the state should be estopped from raising the default defense because it did not raise it in the state court proceedings.  This argument is not

persuasive.  The procedural default doctrine applies only in federal proceedings, not state proceedings.

Finally, petitioner asserts that he is innocent.  However, a petitioner who asserts actual innocence as a reason to excuse a procedural default "must do more than invoke those words, he 'must *demonstrate* [his] innocence.'"  Woods v. Schwartz, -- F.3d --, 2009 WL 4640631, *7 (7th Cir. Dec. 9, 2009) (quoting Buie v. McAdory, 341 F.3d 623, 626-27 (7th Cir. 2003)).  To do this, he must adduce new, reliable evidence, such as "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence," and must show that no reasonable juror considering the new evidence would have voted to find him guilty beyond a reasonable doubt.  Schlup, 513 U.S. at 324, 329.

Petitioner comes forth with police reports showing that Adams and Napgezek had a history of violence against each other and affidavits from a psychiatrist and a psychologist reporting that the drug Prozac (which petitioner claims Adams and Napgezek had both taken on the night in question) can trigger violent outbursts, especially when taken with alcohol.  Although this evidence lends support to petitioner's theory that Napgezek slashed Adams in a drug-and-alcohol induced rage, it is insufficient to warrant applying the "extremely rare" actual innocence exception to the procedural default rule.  Gomez v. Jaimet, 350 F.3d 673, 680 (7th Cir. 2003).  Evidence regarding Adams's and Napgezek's violent history was introduced at trial, Ct. of Appeals Opinion, at ¶6, and the Prozac evidence fails to demonstrate that it was not petitioner who slashed Adams.

10

In sum, petitioner has failed to show cause for his default or that he is actually innocent.  Accordingly, this court may not entertain his claims.

## C. Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2254 Cases, I must issue or deny a certificate of appealability when entering a final order adverse to petitioner.  To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004).  This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).  When, as in this case, a district court dismisses the petition on procedural grounds without reaching the underlying constitutional claims, the prisoner must show that the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court's procedural ruling is correct.  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added).

Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one.  Reasonable jurists would not debate the decision that petitioner is not entitled

to habeas relief on a conviction that was vacated or that his remaining claims are procedurally defaulted.  Petitioner states no viable grounds on which to find cause for his default and his "new" evidence, while supporting his theory of defense, does not establish his innocence.  Accordingly, I will not issue a certificate of appealability.


ORDER

IT IS ORDERED that the petition of Wallace Baskerville for a writ of habeas corpus is DISMISSED WITH PREJUDICE and petitioner is DENIED a certificate of appealability. Petitioner may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 12th day of January, 2010.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge